By the Court.

A plantation of considerable value, which the appellee bought twenty-four years ago, and of which he has been in possession ever since, is the subject of the present conten- ; tion. ,
The nature of the claim of the plaintiffs and *454 aPPe^ants 1S as follows : that plahtation was the common property of Evan Mills and Jane Elliot, father and mother of the plaintiff, now appellant, Helen, when Evan Mills died. Evan' Mills left four children, one of whom died in her infancy. After his decease, Jane, his widow, undertook (it does not appears by. what authority) to administer the estate, and kept, possession of the whole. Some time afterwards, she married William Reed, who, with her consent, sold-to the appellee the plantation now in contest, Jane Reed died about four years ago ; and in 1811, the appellants and their coheirs brought the present suit, claiming as their property the plantation left by their father, and alienated without right by their mother , and her husband. The judgment of the District. Court declares the alienation valid as to Jane Reed’s moiety, allows to each of the appellants’coheirs a share in the other undivided moiety, and rejects the claim of foe appellants, as barred by prescription.
The principal points made by the appellants are :
1. That the sale is void altogether on two grounds, one of which is that the instrument purporting to be passed before the officer exercising the functions of Notary Public, is not signed by that officer; and the other, that the contract is not made with .the solemnities necessary to bind a married woman. '
*455 2. That the undivided moiety of the planta- • i_ • 1 c • • 1 , , tion, being the property 01 minors, could not be alienated, even by their tutor, without,the forma-lilies prescribed by law;
3. That Jane Elliot, widow Mills, havingIpst the tutorship of her children by' contracting a second marriage, had no right whatsoever to dispose of their property in any manner.
On the part of the appellee, the principal ground of defence is that the plaintiffs after they became of age, suffered the four years allowed by law to elapse without claiming against the sale made by their mother ; and that the appellants particularly remained silent on that subject during more than ten years, in consequence of which their claim is now barred by prescription.
Various other questions of minor importance have been raised during the discussion of this case, which, we will have occasion to notice, as we proceed in the investigation of the subject.
I. The first and most general allegation of the appellants, to wit, that the sale made by their mother is void in teto, can be soon disposed of. The half of ⅛⅛ plantation in contest belonged to Jane Reed* It does not appear that she brought it in tñarriage asa dowry; therefore it must be considered as paraphernal property. The alienation of such property by the husband, with the *456 consent Qf the wife, was' a lawful act. The ins- ... trument of sale, should it be thought defecti ve in point of form as a public act, is certainly good as a private one, and is binding upon the parties and • . • their heirs.
But if the sale in question is valid as to the moiety of the wife, the case is far different with respect to the other half of the plantation. An effort has been made to show that shortly after the death of Evan Mills, his widow acquired by purchase some part of that other moiety ; for that having given in payment 4400 acres of that land to a creditor of the estate, who had a mortgage upon the whole, she afterwards paid him in some other manner, and he reconveyed to her the land which he had thus received. The pretended title, derived under such a transaction, cannot be the subject of a serious examination. The Court will, therefore, consider one half of the plantation bought by the apppellee as the property of the heirs of Mills, and proceed to enquire into the validity of its alienation.
A tutor has not the power of alienating the real estate of his pupil, except in the cases provided for by law, and then only with permission of the judge. If, contrary to this provision, he alienates it, the minor may, within four years after he has come óf age, obtain restitution of his property, on proving that the alienation has been injurious *457 to him (Partida 6, tit. 19, lib. 2.) But when he has suffered the four years to elapse without claiming any restitution, his silence is considered as an approbation of the act of his tutor, and the purchaser of his property is quieted in his possession. In this case, therefore, if the plantation had been sold by the tutor of the heirs of Mills, there can be no doubt that, having left the purchaser of it, in peaceable possession during more than four years, they could not now disturb him.
But the estate of these minors has been sold not by their tutor, but by a mother who had no longer any right to act as their tutrix. The law declares in express terms that so soon as the mother,contracts another marriage, she loses the tutorship of her children. It has made it the duty of the judge immediately to appoint an other tutor over them ; and for the preservation of their property while it remains in the hands of the mother, it has provided that the estate of her new husband as well as hers shall be tacitly mortgaged. ( Thus, although she keeps possession of the estate of her children, and is bound to take care of it until it is surrendered into the hands of the new ' • ' , 1 tutor, yet from the moment she marries,.she loses the tutorship ipso facto, and has no lópger any right to act as tutrix. Any alienation, therefore, which she may afterwards make of the property of her children, is entitled to no more respect > than it .would be if made by a stranger ; and the *458 si¡ence of the minors, which, in case of sales made . . " ~ by their tutor, is considered as an approbation, can receive no such interpretation in favor of sales made by persons having no • right whatsoever* over them.
The only manner then in which the appellants may have forfeited their claim to a part of the plantation in contest is by having suffered the purchaser of it to remain in quiet possession a length of time sufficient to acquire a title by prescription.
This title is pleaded by the appellee ; and it is not denied that the appellants have remained silent on the subject of their claim during more than ten years since Helen has come of age, and that both she and the appellee during that time lived in the same district.
But the appellants contend
1.'That this is a prescription for which a just title and good faith are requisite, and that the appellee shews neither';
2. Th at the plantation in contest was an undivided property between thé appellant Helen, and her younger sisters, and that the right by prescrip- , tion having not been acquired against them, her own share has been thereby preserved.
. The just title and good faith required' by law in the person claiming means no more than that he came'to the possession of the thing by virtue of *459 some licit contract, por alguna derecha razón, (as it is expressed in law 18,th. tit. 29, parda ?.?*,) such as a sale, a donation, &c. into which-he ' entered bona fide. That the present appellee acquired his possession by these means cannot be questioned. He bought this land from Reed and his wife as their property, and faithfully paid the full price of it. He comes forward with both a just title and good faith.
But, it is further objected that prescription could not take effect against the appellant, Helen, so long as it did not run against her minor coheirs and joint owners of this undivided plantation. Upon this point it appears to the Court that the principle has been misunderstood by the appellants,. In order that the prescription which does not run against minors may be also suspended in favor of the co-interested who are of age; it is not enough that the property, to which they have a right, be undivided; their claim must be indivisible. “If “ the claim, “says Pothier,” has for its object some-. “ thing divisible natura aut saltern intellectü, as “ if it is a claim for a certain estate, the time of the “prescription which does not run against the “ minors for their part of the claim , does not cease “to run against those who are of age-for their “parts.” ‘
It is, therefore, the opinion of this Court that the appellee has acquired a title by prescription to *460 the fourth part of the half of the plantation in coh-1 r test, which was the share of the-appellant Helen in that property as one of the heirs of Evan Mills.
But it is further contended by the appellants that of the four shares into which the estate of Mills was to be divided, the usufruct of one fell to Jane Reed by the death of one of her children ; and that while she enjoyed that usufruct the appellants coujd not claim their share of that portion, wherefore their right to that at least cannot have been prescribed against. To this it is answered by the appellee that Jane Reed, by alienating the property of which she was only usufructuary, forfeited her usufruct, and that from thence the appellants hadas good a right to claim,that property' as their own part of the inheritance of their father.
It is the opinion of the authors and particularly of Febrero that the mother does not, as other, usufructuaries, forfeit her usufruct by alienating the property which she is bound to keep and preserve for her children, and that such alienation is valid during her life time arid can be revoked only after her death. Admitting this to be law, the right of the appellants to claim against the alienation of this portion (lid not begin until about four years ago, and consequently is- not barfed by prescription.
*461 Thus, although the judgment of the inferior court appears to us, in every other respect, strictly conformable to law, it must be reversed as to this particular point.
It is, therefore, adjudged and decreed that the judgment of the District Court, rejecting in toto the claim of the appellants, be reversed ; and that the appellants do recover one third part of the share of their deceased sister in the undivided moiety of the plantation in contest.