## FOUGARD vs. TOURREGAUD.

Certificate of notary under the act of 1821, is not evidence, unless the forms prescribed by statute have been strictly pursued. But if received without ob-

APPEAL from the parish court of the parish and city of New-Orleans.

PORTER, J. delivered the opinion of the court.

The defendant is sued as endoser of a promissory note. He pleads want of notice of

protest; that the note had been secured by a mortgage on property, which the plaintiff in this suit had permitted to be sold on an execution against her; and that as she had, by her own act, deprived herself of the power to make a cession of the right accessary to the note, she cannot recover from the defendant.

On the trial, the plaintiff offered as evidence of notice of the protest, a declaration of a notary public, made in pursuance to an act of the legislature of the state, approved the 14th of February, 1821, entitled " an act concerning protests of bills of exchange and promissory notes, and notices to be given to drawers and endorsers." The defendant did not object to its introduction, till after the evidence was gone through; but called on the judge to charge the jury, that the declaration was not legal evidence of notice, as it had not been drawn up in the form prescribed by law. The judge refused to direct the jury as prayed for, and the defendant excepted to his opinion.

This act of the legislature makes a great innovation on the rules of evidence. It renders men responsible to any amount, on the mere declaration of others, and waves the solemnity of an oath in regard to facts which are matters

East'n. District.
*March* 1825.

FOUGARD
*vs.*
TOURREGARD.

jection it is legal evidence.

If a paper be evidence of one fact, and not of another, it will be presumed to have been read, to prove that which could be legally established by it.

*en pais.* Such a law cannot receive too rigid a construction, and he, who claims the benefit of it, should bring himself within its letter.

That principle we should not fail to apply to this case, had the proceedings in the court below enabled us to do so. But as has been already stated, the certificate or declaration of the notary, was received in evidence without opposition, and once permitted to go to the jury there could be no further question in regard to its *legality*, the only thing to be examined was its *effect*: whether, in other words, it was sufficient to satisfy the minds of the jury of the truth of the facts therein stated, and of that, they, and not the court, were the judges. Whether the statement was worthy of credit, did not depend on the form in which it was written, though the legality of admitting it as evidence did. *Highlander* vs. *Fluke,* 5 *Martin,* 459. *Babineau* vs. *Cormier,* 1 *Martin,* 456, *Pannell* vs. *Coe, ibid* 614, *McNeely* vs. *McNeely, ibid,* 646.

The defendant however insists, that without contesting the correctness of this rule, he does not come within its operation, because the paper offered here was evidence of the protest, as well as evidence of the notice of that protest:

that he could not have objected to it as proof of the former, and that consequently no assent can be presumed on his part, that it should be received as evidence of the latter, it being a well established principle in this court, that when a paper is introduced, which is legal proof of one fact, and not of another, it can never be assumed it was read to establish any thing which by law could not be proved by it. *Breedlove* & *al.* vs. *Turner*, 9 *Martin*, 380.

This exception is certainly correct, but the application of it is not well founded. The protest was proved by the original instrument of protest. The introduction of the copy, with the declaration of the notary, that he had given due notice to the endorsers, cannot be presumed to have been for the purpose of establishing that the note had been protested. Unless we supposed the plaintiff wished to prove one fact twice, and not to prove another, equally as essential to his right of recovery.

We are unable to perceive any weight, in the second ground of defence, taken by the defendant. He was a party to the suit, in which the slave he now claims a cession of, was sold. The proceeds of that sale have been applied to his credit, for had not the price been de-

FOUGARD
*vs.*
TOURREGARD.

ducted, he would have been responsible for the whole amount of the note.

It is therefore ordered, adjudged and decreed, that the judgment of the parish court be affirmed with costs.

*Morel* for the plaintiff, *Barbin* for the defendant.